In the Matter of JACK'S CLUB & HOTEL, Inc., Bankrupt.
No. 2112.

United States District Court
D. Puerto Rico, San Juan Division.

March 9, 1956.

M. Martin Maldonado, San Juan, P. R., for bankrupt.

L. E. Dubon, San Juan, P. R., F. Parra-Toro, Ponce, P. R., for Banco de Ponce.

Cordova & Gonzalez, San Juan, P. R., for attys. creditors.

Jose A. Suro, San Juan, P. R., for receiver and creditors.

RUIZ-NAZARIO, District Judge.

This action is now before the Court on a petition for review filed by Banco de Ponce, a creditor herein, requesting that the Referee's order of November 28, 1955, refusing to allow said creditor's claim, in the sum of $67,500.00, as a secured claim but allowing it as an unsecured claim, be vacated and set aside.

Said petition has been submitted by the parties on the Referee's certificate on review, which contains the memoranda filed by said parties in support of their respective positions on the legal question which is the subject of review herein. The Court has also had before it other portions of the record, deemed pertinent for the consideration and decision of said legal question.

After due consideration of all said papers and of the law and decisions applicable to the question at issue, the Court is of the opinion that the Referee committed no error and that his said order must be affirmed.

It is Banco de Ponce's contention that its claim must be allowed as a secured claim, because it loaned to bankrupt moneys which the latter spent in the purchase of certain furniture and equipment to be used in its Isla Verde Hotel, on the assurance given to said creditor that said loans would be totally paid by the bankrupt from the proceeds of certain commitment, made to said bankrupt by the Puerto Rico Industrial Development Co. to advance to bankrupt funds with which it could purchase said furniture and equipment, on which the bankrupt was to give a chattel mortgage or pledge to Puerto Rico Industrial Development Co. as security for said advances; Puerto Rico Industrial Development Company having later refused to make the advances which had been the subject of the aforesaid commitment to the bankrupt.

The loans made by Banco de Ponce up to the amount of $67,500 were evidenced by 3 on demand promissory notes signed by the bankrupt and some of its officers as co-makers. No chattel mortgage or pledge of the aforesaid furniture and equipment was ever executed in favor of Banco de Ponce or anybody else. The notes do not appear to have been notarized and no mention is made in any of them that the loans represented thereby had been made for the purpose of purchasing said furniture and equipment. All said notes contain, on the reverse side thereof, an agreement to the effect that the bankrupt pledged and gave as collateral for the payment of said notes, a "commitment of the Puerto Rico Industrial Development Co., dated June 16, 1954, for the net amount of $67,583.-74 to be delivered" to bankrupt "once the installation of the furniture and equipment at the Isla Verde Hotel is completed", and that the bank could foreclose said collateral pledge, either by the procedure provided therefor by the Civil Code of Puerto Rico or by attachment in a plenary action, it having the right to pursue either one of said two remedies, or dismiss any one of them to pursue the other until the credit was collected in full and the pledged collateral was realized.

It does not appear from the record that the vendors of the furniture and equipment purchased by the bankrupt to be used in its Isla Verde Hotel issued any receipts for the purchase price thereof, nor that in any receipts which they could have issued therefor, the origin of the sums paid to them according to any such receipts were set forth thereon, nor that the Banco de Ponce was specifically mentioned in any such receipts as the source of origin of the moneys paid to them thereunder.

Banco de Ponce further contends that pursuant to Sections 1821 and 1822, subsection 1 of the Civil Code of Puerto Rico (8 L.P.R.A. Title 31, Ch. 399, Sections 5191 and 5192, Sub-Sec. 1) a statutory

lien, enforceable in bankruptcy under Section 67, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. b, as a secured credit, is created over specified personal property which may be in the possession of the debtor and to the extent of the value thereof, to secure credits for the amount of the sale of said specified personal property, i. e., for the purchase price thereof.

The Bank's final contention therefore appears to be that, as Puerto Rico Industrial Development Company made a commitment to the bankrupt by which it purported to lend to the latter up to a net sum of $67,583.74 for the purchase of the furniture and equipment to be used at bankrupt's Isla Verde Hotel, which furniture and equipment was to be mortgaged or pledged to Puerto Rico Industrial Development Company as security for the loan which had been the subject of said commitment; and as bankrupt, in the 3 notes it issued to Banco de Ponce to evidence the latter's loan to it in the aggregate sum of $67,500.00, purported to pledge to the latter, as collateral security for their payment, the aforesaid commitment of Puerto Rico Industrial Development Company, then Banco de Ponce became thereby entitled to be *subrogated* into whatever rights Puerto Rico Industrial Development Company might have had under the terms of said commitment and that, upon the refusal of the latter to make the loan which had been the subject of said commitment, Banco de Ponce actually became *subrogated* in the place of Puerto Rico Industrial Development Company, as regards whatever right it might have had against bankrupt and the personal property in question under the aforesaid commitment, and that, in consequence thereof, Banco de Ponce's credit participates, *by way of subrogation*, of the nature of the lien allegedly created as a statutory lien under said Sections 1821 and 1822, sub-section 1, of the Civil Code of Puerto Rico (8 L.P.R.A. Title 31, Ch. 399, Sections 5191 and 5192, subsection 1) and allegedly enforceable in these bankruptcy proceedings under Section 67, sub. b, of the Act, 11 U.S.CA. § 107, sub. b.

The Court entirely disagrees with this contention, not only on the grounds set forth by the Referee in his order of November 28, 1955 under review herein, but also on the additional grounds hereinbelow set forth.

■ The preference accorded by the provisions of the Civil Code of Puerto Rico invoked by Banco de Ponce, which is the equivalent of the vendor's or seller's lien in the common law, is primarily established for the benefit of the seller himself and secondarily for the benefit of those who acquire it by way of subrogation.

■ Under Section 1163 of the Civil Code of Puerto Rico (8 L.P.R.A. Title 31, Ch. 247, Sec. 3247), the subrogation of a third person in the rights of a seller must be express and can only be presumed in the instances specifically mentioned in said Code (now Title 31, L.P. R.A., Vol. 8).

The instances expressly mentioned in said Code (Title 31), where subrogation shall be presumed, are the following:

1. When a creditor *pays another preferred creditor.*

2. When a third person, who is not interested in the obligation, *pays (the obligation)* with the express or implied approval of the debtor.

3. (Is immaterial here)

Sec. 1164 Civil Code of Puerto Rico (8 L.P.R.A., Title 31, Ch. 247, Sec. 3248.) (Emphasis and language in parenthesis supplied.)

4. A debtor may make the subrogation *without* the *consent* of the *creditor when,* in order to pay the debt, he may have borrowed money *in a public instrument, stating his purpose and setting forth in the receipt the origin of the sum paid.* Sec. 1165, Civil Code of Puerto Rico (8 L.P.R.A., Title 31, Ch. 247, Sec. 3249.) (Emphasis supplied.)

■ It unquestionably appears, from the record herein, that the seller's lien, which Banco de Ponce claims to own,

never came *primarily* into existence because neither Puerto Rico Industrial Development Company nor Banco de Ponce were the sellers of the furniture and equipment sought to be reached by the latter's claim, and the actual sellers thereof billed, shipped and delivered them to the bankrupt directly and *were paid in full by the bankrupt directly* from its checking accounts.

It clearly appears from said record, also, that neither Puerto Rico Industrial Development Company nor the Banco de Ponce directly paid to the sellers of said furniture and equipment or to their local representatives the purchase price thereof, or any credit derived therefrom, either totally or partially so as to raise a presumption of subrogation under any of the sub-paragraphs 1 and 2 of Section 1164 of the Civil Code of Puerto Rico, 8 L.P.R.A., Title 31, Ch. 247, Sec. 3248 (supra 1 and 2).

Still less does it appear, from said record, that the bankrupt and either Puerto Rico Industrial Development Company or the Banco de Ponce *executed a public instrument* whereby the bankrupt stated that it was borrowing money from any of the last two *to pay a debt owed* to the sellers of said furniture and equipment for the unpaid price thereof and setting forth in the receipt the aforesaid origin of said debt, as required by Sec. 1165 of the Civil Code of Puerto Rico, 8 L.P.R.A., Title 31, Ch. 247, Sec. 3249 (supra 4), in order to raise the presumption of subrogation.

This last provision of the Civil Code of Puerto Rico has been construed by the Supreme Court of Puerto Rico in the sense that loans made through promissory notes, to advance funds which were used by a contractor-borrower to pay wages to his laborers performing services in the construction of a building, pursuant to a public contract between the borrower and a Municipal Government, did not entitle the lenders to subrogate themselves in the lien or preference over the contract price said laborers enjoyed by operation of law.

The situation before the court here, squarely falls within the *ratio decidendi* in said case.

See Glenn Falls Indemnity Company v. Lluch, 1943, 61 P.R.R. 822, at pp. 826–829.

Accordingly, the petition for review of Banco de Ponce must be denied, and the Referee's order of November 28, 1955 must be affirmed, the Court adopting all findings of fact and conclusions of law contained therein.

It is so ordered.